NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

LOCAL 58, INTERNATIONAL BROTH-
ERHOOD OF ELECTRICAL WORK-
ERS, AFL–CIO, Respondent.

No. 79–1308.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 12, 1980.

Decided Jan. 16, 1981.

As Amended May 15, 1981.

Elliott Moore, Howard Perlstein, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Michael Smith, Bernard Gottfried, Director, Region 7, N.L.R.B., Detroit, Mich., for petitioner.

Donald Prebenda, Paul Jacobs, Southfield, Mich., for respondent.

Before LIVELY and MARTIN, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This case is before the Court on application of the National Labor Relations Board for enforcement of its order issued April 22,

1979 against Local 58, International Brotherhood of Electrical Workers, AFL–CIO, reported at 241 N.L.R.B. No. 197. The Board found the Union violated the prohibition against secondary boycotts imposed by Section 8(b)(4)(i) and (ii)(B) of the National Labor Relations Act.

On November 1, 1977, Goossens, Inc. agreed to act as general contractor for construction of the Ukranian Community Center in Warren, Michigan, assisted by several subcontractors. The project site superintendent for Goossens anticipated possible labor problems because both union and nonunion contractors were working on the site. Signs were posted at each of the two entrances to the job site specifying who was to use which entrance. The Union placed a picket line at the main or general gate entrance. The picketers carried placards stating that one of the nonunion subcontractors, R–B & Sons Electric, was paying less than the prevailing rate for the area. R–B notified the Union by mailgram that they should confine picketing activities to the entrance assigned to them. The Union did not picket the entrance designated for use by R–B and the other nonunion employees, but instead continued to picket at the main or general gate entrance.

The controlling factor in determining the legality of picketing is not its effect, but its object. *Local 761, Electrical Workers v. N.L.R.B.*, 366 U.S. 667, 672–674, 81 S.Ct. 1285, 1288–90, 6 L.Ed.2d 592 (1961). If an object of the picketing is to bring pressure upon a neutral employer, then the activity is secondary and unlawful. We think the Union could have communicated its dissatisfaction with R–B's wage rates to R–B employees and suppliers in a meaningful way by using the entrance assigned to them. In this way the neutral employers and their employees would not have been involved so directly. We also agree with the Board that there is no merit to the Union's contention that it was not properly notified to use the reserved entrance.

The order of the Board will be enforced.

* This appeal originally was decided by unreported order on December 5, 1980. *See* Circuit